Charles P. Maher, State Bar No. 124748
RINCON LAW, LLP
200 California Street, Suite 400
San Francisco, CA  94111
Telephone No.: 415-840-4199
Facsimile No.:  415-680-1712
Email: cmaher@rinconlawllp.com

Counsel for Kari Bowyer,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID LEE HENNING,<br><br>Debtor. | Case No. 19-50395 SLJ<br>Chapter 7<br>Hon. Stephen L. Johnson |
| KARI BOWYER, Chapter 7 Trustee,<br><br>Plaintiff<br><br>v.<br><br>CAROLE J. LOUGHRIDGE,<br><br>Defendant. | Adversary Proceeding No. |

**COMPLAINT FOR AUTHORITY TO SELL REAL PROPERTY
UNDER 11 U.S.C. SECTION 363(h) AND FOR DECLARATORY RELIEF**

Plaintiff Kari Bowyer, alleges as follows:

1. On February 27, 2019, the above Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Plaintiff was appointed interim Trustee and became permanent Trustee upon conclusion of the Section 341 meeting in the Debtor's bankruptcy case.

2. This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 151, 157(b)(2), and 1334, and Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

3. This Adversary Proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N), and (O).

4. Venue is appropriate under 11 U.S.C. § 1409.

5. Plaintiff consents to entry of final judgments or orders in this Adversary Proceeding.

6. Plaintiff is informed and believes that Defendant Carole J. Loughridge is the Debtor's spouse, having married the Debtor in 1999, and is an individual who resides in Mountain View, California.

7. Plaintiff is informed and believes that, in March 2016, the Debtor and the Defendant acquired title to the real property commonly known as 339 West Lowrance Avenue, Mooresville, North Carolina (the "Property") as "David L. Henning and wife, Carole J. Loughridge."

8. Plaintiff is informed and believes that the Property is situated in North Carolina and, under North Carolina law, title may be characterized as a tenancy by the entirety.

9. Plaintiff is informed and believes and on that basis alleges that the Debtor and the Defendant acquired the Property with a $100,000 unsecured loan from James Garber which is disclosed in the Debtor's Schedule D.

10. Plaintiff is informed and believes that the Property is a single-family residence that is not subject to partition as a practical matter or under North Carolina law for legal reasons.

11. Plaintiff alleges that a sale of the estate's undivided interest in the Property would realize significantly less for the estate than a sale of the Property free of the interest of the Defendant.

12. Plaintiff alleges that the Property is currently vacant and that the benefit to the estate of a sale of such Property free of the interest of the Defendant outweighs the detriment, if any, to the Defendant.

13. Plaintiff alleges that the Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

14. Plaintiff alleges that the Property is "quasi-community property" under Section 125 of the California Family Code and is available to pay community debts of the Debtor and Defendant under Sections 910 and 912 of the California Family Code.

/ / /

15. Plaintiff alleges that the Debtor identified in his schedules of liabilities debts that arose during his marriage to the Defendant and that the debts are community debts for which community property and quasi-community property of the Debtor and Defendant are liable.

**FIRST CLAIM FOR RELIEF**
**(Sale of Interest of Co-Owner)**
**(11 U.S.C. § 363(h)**

16. Plaintiff realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

17. Partition in kind of the Property between the estate and the Defendant is impracticable.

18. Sale of the estate's undivided interest in the Property would realize significantly less for the estate than sale of the Property free of the interest of the Defendant.

19. The benefit to the estate of a sale of the Property free of the interest of the Defendant outweighs the detriment, if there is any detriment, to the Defendant.

20. The Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

WHEREFORE Plaintiff requests judgment as set forth below.

**SECOND CLAIM FOR RELIEF**
**(Declaratory Relief)**
**(11 U.S.C. § 105(a))**

21. Plaintiff realleges the allegations set forth in paragraphs 1 through 15 above and incorporates them by reference.

22. An actual and present controversy has arisen and now exists between Plaintiff and the Defendant concerning their respective rights.

/ / /

/ / /

/ / /

/ / /

23. The Defendant asserts that the debts disclosed by the Debtor are not community obligations and that the Property is held as a tenancy by the entirety under North Carolina law, and that the Property, or her interest in the Property, is not available for payment of the Debtor's debts in whole or in part, while Plaintiff contends that all or most of the debts disclosed by the Debtor are community debts, that the Property is a quasi-community property asset of the Debtor and the Defendant under the California Family Code, and the Property is available for payment of community debts, and, at the very least, the estate's one-half, undivided interest in the Property is available for payment of estate debts of any type.

24. Plaintiff requests a judicial determination of the rights and duties of the bankruptcy estate and the Defendant with respect to the Property and with respect to the debts the Debtor identified in his schedules of liabilities.

WHEREFORE Plaintiff request judgment as set forth below.

**REQUEST FOR RELIEF**

Plaintiff requests judgment as follows:

A. On Plaintiff's first claim for relief, for judgment authorizing Plaintiff in her capacity as Chapter 7 Trustee of the estate of the above Debtor to sell the real property commonly known as 339 West Lowrance Avenue, Mooresville, North Carolina, free of any interest held by the Defendant under 11 U.S.C. § 363(h), subject to the Defendant's rights under 11 U.S.C. S. 363(i).

B. On Plaintiff's second claim for relief, for judgment declaring that the debts disclosed by the Debtor and claims filed by creditors in the Bankruptcy Court were incurred during the marriage of the Debtor and the Defendant and are community debts for which community property and quasi-community property of the Debtor and Defendant are liable under Sections 910 and 912 of the California Family Code.

C. On Plaintiff's second claim for relief, judgment declaring that the property commonly known as 339 West Lowrance Avenue, Mooresville, North Carolina is quasi-community property of the Debtor and the Defendant under Section 125 of the California Family Code.

|  |  |  |
|---|---|---|
| 1 | D. | For costs of suit. |
| 2 | E. | For such other relief the Court may deem appropriate. |

DATED: July 25, 2019    RINCON LAW, LLP

By: */s/Charles P. Maher*
Charles P. Maher
Counsel for Plaintiff Kari Bowyer,
Chapter 7 Trustee